State v. Deyton

STATE OF NORTH CAROLINA v. ROSA LEE DEYTON

No. 8225SC112

(Filed 2 November 1982)

1. **Burglary and Unlawful Breakings § 5.8; Criminal Law § 9.3— breaking and entering and larceny—conviction under principle of concerted action**

     The State's evidence was sufficient to support defendant's conviction of breaking and entering and larceny under the principle of concerted action where it tended to show that defendant and two companions planned to break into a mobile home and take therefrom anything of value, including guns and money; in furtherance of their plan, defendant drove the two companions in her automobile to a point approximately one-tenth of a mile from the victim's residence where the two companions left the car and proceeded to the scene of the crime; defendant then drove to another residence within 100 yards of the victim's residence and watched and waited while the two companions broke into and stole from the victim's residence five guns and $220.00; and after the breaking and entering and larceny, defendant drove to another point approximately one-tenth of a mile on the other side of the victim's residence where the guns were placed in the trunk of defendant's car and the two companions were driven away by the defendant.

2. **Criminal Law § 113.7— instructions on acting in concert**

     The trial court's instructions on acting in concert complied with prior decisions of the North Carolina Supreme Court.

APPEAL by defendant from *Grist, Judge.* Judgment entered 16 April 1981 in Superior Court, BURKE County. Heard in Court of Appeals 14 September 1982.

Defendant was charged in a proper bill of indictment with breaking or entering and larceny of five guns and $220 cash, totaling $870, the personal property of Ervin Cook.

The State's evidence at trial revealed the following facts. On or about 5 March 1980 defendant drove her car with four male passengers on a road where Ervin Cook lived in his trailer home. At the beginning of the road, two men, Jimmy Buff and Michael Hullette, got out of the car and entered the surrounding woods. With Rosa Lee Deyton driving her car, Roger Deyton and Kenneth Lister continued up the road to the home of Raymond Cook. At approximately 9:00 a.m., they entered Raymond Cook's house which was located about 100 yards from the victim's residence. Throughout their visit with Raymond Cook, the defendant and Kenneth Lister sat on a couch in the living room. Roger Deyton

played with his young daughter, who was Raymond Cook's great granddaughter, and moved from the kitchen to the living room looking out the windows toward Ervin Cook's trailer.

At approximately the time the defendant, Lister and Roger Deyton were visiting Raymond Cook, Jimmy Buff and Michael Hullette broke into the victim's home and stole five guns plus $220 cash. At about 9:30 defendant drove her car, with Lister and Roger Deyton as passengers, back down the road toward the home of Dicie Hildebran, who lived about a tenth of a mile from Raymond Cook. Hildebran testified she saw the car driven by defendant pull off beside the road and stop near the front of her house. One man got out of the car and unlocked the trunk. Two men emerged from the woods, placed something in the trunk, and got into the car. The defendant then drove the car away.

At approximately 12:45 p.m., Detective Steve Whisnant of the Burke County Sheriff's Department stopped the car driven by the defendant. Jimmy Buff and Michael Hullette were passengers in the car. When the officer searched the trunk, he found the five guns stolen from Ervin Cook's residence.

The defendant was found guilty of breaking or entering and larceny. From a judgment imposing a prison sentence of three to five years, the defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Richard L. Kucharski for the State, appellee.*

*Appellate Defender Adam Stein, by Ann B. Petersen for the defendant, appellant.*

HEDRICK, Judge.

[1] Defendant first assigns error to the denial of her motion to dismiss as of nonsuit. Defendant argues the evidence was insufficient to require submission of the case to the jury because she was not physically present at the trailer which was broken into and from which the guns and money were stolen.

In the recent case of *State v. Joyner*, 297 N.C. 349, 356, 255 S.E. 2d 390, 395 (1979), our Supreme Court defined acting in concert as "to act together, in harmony or in conjunction one with another pursuant to a common plan or purpose." Although the

mere presence of a person at the scene of a crime is not sufficient to make him guilty of the crime, if two or more persons join in a plan to commit a crime each is guilty if the other commits the crime and both are *actually or constructively* present. *State v. Westbrook,* 279 N.C. 18, 41-42, 181 S.E. 2d 572, 586 (1971) *death sentence vacated,* 408 U.S. 939, 92 S.Ct. 2873, 33 L.Ed. 2d 761 (1972). Both are also guilty of any other crime committed as a consequence of or pursuant to the common plan. *Id. See also, State v. Oliver,* 302 N.C. 28, 55, 274 S.E. 2d 183, 200 (1981).

When the evidence in the present case is considered in the light most favorable to the State, it is sufficient to raise an inference that the defendant, Jimmy Buff and Michael Hullette planned and schemed to break into a trailer home of Ervin Cook and take therefrom anything of value including guns and money, and in furtherance of their plan and scheme and acting in concert, the defendant drove Buff and Hullette in her automobile to a point approximately one tenth of a mile from the victim's residence and that Buff and Hullette got out of the car and proceeded through the woods to the scene of the crime. The defendant drove to another residence within 100 yards of the trailer with Kenneth Lister and Roger Deyton and watched and waited while Buff and Hullette broke into and stole from the victim's house five guns and $220. The evidence will also permit the jury to find that, pursuant to the plan and scheme of the defendant, Buff, and Hullette, the defendant drove, after the breaking and entering and larceny, to another point approximately one tenth of a mile on the other side of the victim's house where the guns were placed in the trunk of defendant's car and Buff and Hullette were driven away by the defendant. The evidence, in our opinion, is sufficient to give rise to an inference that the defendant, Buff and Hullette planned and schemed to break into the trailer home of Ervin Cook, and that in furtherance of their plan the defendant, Buff and Hullette acted in concert to commit both the breaking and entering and larceny. The evidence is sufficient to require submission of the case to the jury and to support the verdict.

[2] The second and final assignment of error which defendant brings forward and argues in her brief is set out in the record as follows:

> 4. The trial court's instructions to the jury on acting in concert and vicarious liability were erroneous, on the

grounds that they were misleading and confusing and permitted the jury to convict the defendant without proof of or a finding that she shared the same criminal intent as the principals; thereby depriving the defendant of his rights to have the State prove all elements of the offense beyond a reasonable doubt, a trial by jury, and due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Art. I, Sections 19 and 24 of the North Carolina Constitution.

This assignment of error purports to be based on two exceptions noted to the instructions to the jury. The portions of the instructions complained of are as follows:

> . . . and if two or more persons join in a purpose to commit a crime, each of them if actually or constructively present is not only guilty as a principal if the other commits that particular crime, but the person is also guilty of any other crime committed by the person in pursuance of the common purpose, that is, the common plan to commit a crime, and is likewise guilty of any crime that results as a natural and probable consequence of the commission of said act or acts.

> Exception No. 3

> If two or more persons agree to act together with a common purpose to commit a crime and do commit a crime pursuant to said common purpose, each of them is held responsible for the acts of the other done in the commission of that particular crime.

> Exception No. 4

Defendant argues these instructions "are not consistent with or contained in the pattern jury instructions." The argument advanced by the defendant is not persuasive. The instructions complained of comport with the law set out in the above cited cases of *State v. Joyner, State v. Westbrook*, and *State v. Oliver*. The assignment of error is meritless.

We hold the defendant had a fair trial free from prejudicial error.

No error.

Judges VAUGHN and HILL concur.